IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT, | ) |
| *Plaintiff*, | ) |
| v. | ) Case No. 19-cv-2563 (TJK) |
| U.S. DEPARTMENT OF JUSTICE, | ) |
| *Defendant*. | ) |

**JOINT STATUS REPORT**

Pursuant to the Court's February 20, 2023 Minute Order, Plaintiff American Oversight, and Defendant U.S. Department of Justice ("DOJ"), by and through their undersigned counsel, respectfully submit this joint status report to update the Court on the parties' progress in this Freedom of Information Act ("FOIA") matter.

1. The FOIA requests that form the basis of this complaint seek, broadly speaking, records reflecting communications between (1) the Office of the Attorney General (OAG) or Office of the Deputy Attorney General (ODAG) and (2) U.S. Attorney John Durham (the "Main Justice Communications FOIA"), and records reflecting communications between (1) U.S. Attorney Durham, OAG, or ODAG and (2) the White House or Congress, regarding matters U.S. Attorney Durham was directed to review or investigate which are outside his ordinary remit, including matters related to the origins of investigations of President Trump and his campaign for the presidency (the "White House and Congressional Communications FOIA"). Compl. ¶¶ 8, 12. The FOIA requests were sent to DOJ's Office of Information Policy ("OIP") and the Executive Office for United States Attorneys ("EOUSA").

1

2. DOJ searched for records responsive to these requests, reviewed them, and finished its initial production to Plaintiffs in May 2021. After further consultation with Plaintiff, DOJ made a supplemental production in May 2022. To date, across all requests at issue in this case, DOJ has produced 344 pages with partial withholdings pursuant to one or more FOIA exemptions, including Exemption 7(A). DOJ has also withheld in full 4,592 pages pursuant to one or more FOIA exemptions. Of those withheld in full, 4,567 pages and one voicemail audio file included an assertion of Exemption 7(A).[1]

3. The parties have met and conferred, and Plaintiff is challenging DOJ's withholdings pursuant to Exemption 7(A).

4. The parties thus jointly propose the following briefing schedule for partial cross-motions for summary judgment on this issue:

- DOJ's motion for summary judgment                          May 12, 2023
- Plaintiff's response/cross-motion                          June 16, 2023
- DOJ's reply/response to Plaintiffs' cross-motion           July 21, 2023
- Plaintiff's reply                                          August 11, 2023

5. DOJ respectfully requests permission to brief only Exemption 7(A) at this time for withholdings based at least in part on Exemption 7(A), and to reserve the right to assert additional exemptions if the Court rejects the Exemption 7(A) assertion or the factual basis for it should lapse before a ruling is issued. *See Maydak v. U.S. Dep't of Justice*, 218 F.3d 760 (D.C.

---

[1] DOJ also asserted Exemptions 1, 3, 5, 6, 7(C), 7(D), and 7(E). Additionally, DOJ has informed Plaintiff that other exemptions may apply to documents withheld pursuant to Exemption 7(A), and Plaintiff has informed DOJ that it may challenge other exemptions applied to documents withheld pursuant to Exemption 7(A).

Cir.2000).  Plaintiff consents to this request, and similarly respectfully requests to reserve its right to challenge DOJ's assertion of additional exemptions.

6.  Courts in this district have frequently approved of this approach—particularly when the plaintiff consents. *See, e.g.*, *Leopold v. Dep't of Treasury*, 16-cv-1827 (Apr. 7, 2017 Minute Order); *Manning v. DOJ*, No. 15-cv-1654-APM (Dec. 15, 2015 Minute Order); *Accuracy in Media v. Dep't of Defense*, No. 14-cv-1589-EGS (June 23, 2015 Minute Order).  And the parties submit that resolving this threshold issue may allow the parties to resolve any remaining disagreements without court intervention.

7.  Consistent with this established and sensible local practice, the parties respectfully request that the Court enter an order adopting the proposed briefing schedule for partial cross-motions for summary judgment regarding Exemption 7(A) and making clear that "any other basis for withholding documents responsive to [Plaintiff's requests] are preserved and, if necessary, may be raised [by DOJ]," *Leopold* Minute Order (Apr. 7, 2017), and challenged by Plaintiff in future proceedings.

Dated: March 17, 2023

Respectfully submitted,

*/s/ Benjamin A. Sparks*
Benjamin A. Sparks
Pro hac vice (WI Bar No. 1092405)
Hart Wood (DC Bar #1034361)
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 873-1741
ben.sparks@americanoversight.org
hart.wood@americanoversight.org

*Counsel for Plaintiff*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Director, Federal Programs Branch

*/s/ Christopher A. Eiswerth*
Christopher A. Eiswerth (DC Bar #1029490)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel.: (202) 305-0568
Email: christopher.a.eiswerth@usdoj.gov

*Counsel for Defendant*